IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKHAIL MAKARCHUK,                                        Case No. 07-1301-HO

        Plaintiff,                              ORDER

   v.

Commissioner of Social Security,

        Defendant.

    Plaintiff filed this action for review of the decision of the Commissioner denying his applications for a period of disability, disability insurance benefits and supplemental security income.

    The administrative law judge (ALJ) did not err by failing to classify plaintiff's alleged headaches and chest pain symptoms as severe impairments. Plaintiff alleges that the pains are caused by hypertension and elevated blood pressure and blood sugar levels. Thus, plaintiff concedes that the pains are symptoms. The ALJ determined that plaintiff's hypertension and diabetes are severe impairments. (Tr. 28).

The ALJ stated legally sufficient reasons to reject Dr. Skinner's opinion that plaintiff's "daily headaches, weakness and fatigue combined with his stress, depression and heart condition limit him significantly enough that he is unable to work." The ALJ properly noted the lack of evidence of a severe heart condition significantly limiting plaintiff's ability to perform work activities. As documented in the ALJ's decision, Dr. Punja noted no evidence of ischemia or infarction and plaintiff's refusal to follow-through with recommended tests. (Tr. 23, 278). A baseline electrocardiogram revealed no significant abnormalities, and Dr. Garvey opined that plaintiff's syncope was attributable to hypertension. (Tr. 23, 276). The ALJ further noted that while Dr. Boicourt diagnosed "hypertensive cardiovascular disease with chest pain syndrome, unclear if this is angina pectoris or not[,]" Dr. Garvey thought it unlikely that plaintiff has underlying ischemic heart disease. (Tr. 265, 277). Dr. Bigley, the medical expert (ME), testified that two consultants think it unlikely that plaintiff has coronary artery disease. (Tr. 472). DDS physicians did not include heart problems among plaintiff's medically determinable impairments. (Tr. 290).

The ALJ properly noted that plaintiff has not proved that stress and depression are among his medically determinable impairments. Plaintiff makes the ALJ's point in part by arguing

2 - ORDER

that stress is not an impairment. Dr. Skinner does not link his opinion regarding mental impairments to objective medical evidence. The ALJ found no evidence of such impairments and plaintiff points to none, save for Dr. Skinner's conclusory opinion. (Tr. 26). The ALJ properly considered that plaintiff's ability to work is in part a vocational matter beyond Dr. Skinner's expertise. Id. Dr. Skinner did not provide an opinion regarding plaintiff's functional abilities, and the ALJ properly considered the opinions of the DDS physicians regarding such abilities. Id.

The Commissioner concedes that the ALJ improperly relied on Dr. Skinner's unproven expertise in mental health disorders. The error is harmless.

Plaintiff finally argues that the ALJ failed to include limited English proficiency and more than mild limitations, due to headaches, in concentration, persistence and pace, in the hypothetical question he posed to the vocational expert (VE). The ALJ included a limitation that the hypothetical worker does not communicate in English. (Tr. 481). The only evidence cited by plaintiff that he suffers from more than a mild limitation in concentration, persistence and pace is Dr. Skinner's opinion and medical records produced by Dr. Skinner. As noted, Dr. Skinner provided no opinion regarding specific functional abilities and the ALJ properly rejected Dr. Skinner's opinion. Medical records

produced by Dr. Skinner demonstrate only that plaintiff complained of headaches.  Plaintiff does not dispute the ALJ's conclusion that he "is not entirely credible as to the extent of limitations that he alleges . . ."  (Tr. 25).

Plaintiff does not demonstrate that the decision of the ALJ is unsupported by substantial evidence or the product of legal error.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this   13th    day of November, 2008.


                                     s/ Michael R. Hogan
                                    United States District Judge


4 - ORDER